**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-1280**

PLEAZE WORKMAN, Administrator of the Estate of Dixie Workman, Deceased,

Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA,

Defendant - Appellee.

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington. Robert C. Chambers, District Judge. (3:15-cv-14327)

Submitted: January 16, 2018                    Decided: February 12, 2018

Before DUNCAN, KEENAN, and FLOYD, Circuit Judges.

Affirmed as modified by unpublished per curiam opinion.

Menis E. Ketchum, III, Larry A. Bailey, GREENE, KETCHUM, FARRELL, BAILEY & TWEEL, Huntington, West Virginia, for Appellant. Carol A. Casto, United States Attorney, Fred B. Westfall, Jr., Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pleaze Workman, administrator of the estate of Dixie Workman, appeals the district court's order granting the Government's motion for summary judgment and dismissing Workman's complaint pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b)(1), 2671-2680 (2012). Under the FTCA, the United States has waived sovereign immunity for "the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). Several exceptions apply to this waiver, however, including the discretionary function exception. 28 U.S.C. § 2680(a). The discretionary function exception provides that the FTCA does not apply to claims "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." *Id.*

This appeal turns on the applicability of the discretionary function exception to Workman's negligence claim, an issue that we review de novo. *Indem. Ins. Co. of N. Am. v. United States*, 569 F.3d 175, 179 (4th Cir. 2009). "To determine whether the exception applies, we consider whether the government action at issue 'involve[d] an element of judgment or choice' that [was] 'based on considerations of public policy.'" *Holbrook v. United States*, 673 F.3d 341, 345 (4th Cir. 2012) (quoting *Berkovitz v. United States*, 486 U.S. 531, 536–37 (1988)). Our review convinces us that the design of the step and warning sign at issue here involved policy considerations and choices protected by the discretionary function exception, and we therefore affirm that portion of the district court's order. *Workman v. United States*, 232 F. Supp. 3d 910 (S.D.W. Va. 2017).

However, because the district court concluded that the Government had not waived sovereign immunity with regard to this claim, the court should have dismissed the claim for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). *Williams v. United States*, 50 F.3d 299, 303-04 (4th Cir. 1995). We find it unnecessary to remand this matter, however, because the parties have correctly identified and argued the issue on appeal. *Id.* (declining to remand because parties sufficiently addressed issue and no factual development was necessary). Accordingly, we affirm the judgment as modified to reflect a dismissal for lack of subject matter jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED AS MODIFIED*